# Court of Appeals
## of the State of Georgia

ATLANTA,  December 07, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0164. NORTH WALHALLA PROPERTIES, LLC v. KENNESTONE GATES CONDOMINIUM ASSOCIATION, INC.**

North Walhalla Properties, Inc. sued Kennestone Gates Condominium Association, Inc. ("Kennestone") and its director, Robert E. Smith, asserting claims for breach of fiduciary duty and negligence. Kennestone counterclaimed for past-due assessments and other charges. The trial court granted summary judgment in favor of Kennestone and Smith on the claims asserted against them by Walhalla and granted summary judgment in favor of Kennestone on its counterclaims. On appeal, this Court affirmed the grant of summary judgment on Kennestone's counterclaims, but vacated the grant of summary judgment on the claims asserted by Walhalla, finding that Walhalla lacked standing to bring such claims. *N. Walhalla Properties, LLC v. Kennestone Gates Condo. Association*, 358 Ga. App. 272, 275 (1) (855 SE2d 35) (2021). We therefore vacated that portion of the trial court's order and remanded the case with direction to dismiss Walhalla's complaint. Id.

On remand, the trial court entered an order dismissing the complaint, and it thereafter held a hearing on Kennestone's pending motion for attorney fees under OCGA § 9-11-68. On October 23, 2023, the trial court entered an order of final judgment which granted Kennestone's motion for attorneys fees and awarded it $42,452.95. Walhalla then filed this timely application for discretionary appeal.

Unless a case falls into one of the categories enumerated in OCGA § 5-6-35 (a), a party has a right of direct appeal from a final judgment See OCGA § 5-6-34 (a) (1). A judgment for attorney fees under OCGA § 9-11-68 that exceeds $10,000 does not fall within the purview of OCGA § 5-6-35 (a). See, e.g., *Eichenblatt v.*

*Piedmont/Maple, LLC*, 358 Ga. App. 234, 235 (854 SE2d 572) (2021) (direct appeal from an award of attorney fees under OCGA § 9-11-68 exceeding $10,000). Thus, North Walhalla was not required to file an application to obtain review of the order at issue.

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. North Walhalla shall have ten days from the date of this order to file a notice of appeal. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/07/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*